UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 12-26-KSF

GREGORY BOONE                                                                                               PLAINTIFF

v.                                                    **OPINION & ORDER**

HEALTHCARE SERVICES GROUP, INC.                                                    DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the motion [DE #14] of the plaintiff, Gregory Boone, to amend and supplement his complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. According to Boone, the amendments are necessary to correct typographical errors and to clarify wording, as well as to expressly state in the Amended Complaint that the state wage-law claims have been administratively exhausted with the Kentucky Labor Cabinet. The defendant, HealthCare Services Group, Inc ("HSG") has not objected to Boone's motion. Accordingly, Boone's motion [DE #14] for leave to amend and supplement his complaint will be granted.

Also before the Court is HSG's motion to amend its answer. Specifically, HCS seeks to add the affirmative defense of the "after-acquired evidence" doctrine as enunciated by the United States Supreme Court in *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352 (1995)("*Nashville Banner*"). HSG contends that during the course of discovery, it became aware of issues relating to Boone's application for employment submitted to HSG. Under the *Nashville Banner* after-acquired evidence doctrine, when an employer learns of an independent basis for termination during the litigation discovery process, it can assert the after-acquired evidence as an affirmative defense to cut off damages. HSG contends that the amendment should be allowed because it would cause no unfair prejudice to Boone and it would promote just resolution of this case.

Boone objects to HSG's motion on the grounds that it was filed after the deadline established

by this Court's Scheduling Order, which required all motions to amend pleadings be filed by October 11. HSG's motion was filed late, on October 24. Additionally, Boone contends that HSG has failed to provide any factual allegations or other fair notice about this affirmative defense.

After carefully reviewing HSG's proposed amended answer, the Court agrees that HSG has failed to adequately support its untimely request to amend. Merely alleging a legal conclusion does not provide due notice or meet the requirement to plead a defense "in short and plain terms" as required by Rule 8(b)(1)(A) of the Federal Rules of Civil Procedure. Thus, HSG's boilerplate affirmative defense, with no factual support, does not provide sufficient notice to Boone at this late date to justify allowing the untimely amendment. Accordingly, HSG's motion for leave to amend its answer will be denied at this time. Should HSG, however, promptly come forward with sufficient factual allegations to place Boone on notice of the basis of the affirmative defense, HSG may renew this motion and the Court will reconsider whether to allow the amendment and whether to amend the Scheduling Order, if needed.

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1) Boone's motion for leave to amend and supplement his complaint [DE #14] is **GRANTED**, and Boone may **SERVE** and **FILE** his amended complaint **WITHIN FIVE (5) DAYS** of entry of this Opinion & Order; and

(2) HSG's motion for leave to amend answer [DE #15] is **DENIED WITHOUT PREJUDICE**.

This December 5, 2012.



**Signed By:**
<u>Karl S. Forester</u>
**United States Senior Judge**